UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN PAUL PRIEST,<br><br>                  Plaintiff,<br><br>v.<br><br>STATE OF IDAHO and RAUL LABRADOR,<br><br>                  Defendants. | Case No. 1:23-cv-00272-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's fifth amendment complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 41.

Plaintiff has now filed a Sixth Complaint. Dkt. 44. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b).

Having reviewed the Sixth Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies of the previous complaint, and the Court will dismiss this case pursuant to 28 U.S.C. § 1915A.

**1.      Screening Requirement and Pleading Standards**

As explained in the Initial Review Order, the Court must dismiss a prisoner complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under § 1915A, the Court has reviewed only the five-page complaint found at Docket No. 44, not the declaration attached to the complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

**2.      Discussion**

Plaintiff appears to bring claims under 42 U.S.C. § 1983, the civil rights statute. The Court previously explained that Plaintiff's claims were likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the U.S. Supreme Court held that a plaintiff may not pursue a civil rights action if success on that claim would "render a conviction or sentence invalid." *Id*. 486–87; *see Init. Rev. Order* at 4–5. Although Plaintiff's present claims attack the validity of the conviction on which Plaintiff has been incarcerated, Plaintiff has not plausibly alleged

that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," as required by *Heck*, 512 U.S. at 487. Therefore, the Sixth Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

3.   **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Sixth Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Sixth Complaint (Dkt. 43) is GRANTED to the extent the Court has screened that complaint under 28 U.S.C. § 1915A.

2. The Sixth Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 41), this entire case is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3. Plaintiff's Motion for Writ of Execution (Dkt. 45) is DISMISSED.

DATED: February 8, 2024

_____
David C. Nye
Chief U.S. District Court Judge